FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 DEC -6 PM 12: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SARAH HASKINS<br>& THE SUCCESSION OF<br>MICHAEL ANTHONY HASKINS<br>Plaintiffs | ) | Civil Action<br>Case No.: 07-9347 |
| v. | ) | Section " "<br>Judge SECT. L MAG. 4 |
| OFFSHORE SERVICE VESSELS, LLC,<br>& EDISON CHOUEST OFFSHORE, INC.<br>Defendants | ) | Magistrate " "<br>Magistrate Judge |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Sarah Haskins and the Succession of Michael Anthony Haskins, who for their Complaint respectfully aver:

1.

Plaintiff, Sarah Haskins, is a person of the full age of majority and a resident of the State of North Carolina. At all material times Ms. Sarah Haskins was married to Michael Anthony Haskins, including at the time of death of Michael Anthony Haskins. Pursuant to Louisiana Code of Civil Procedure article 801 and Louisiana Civil Code articles 2315.1 and 2315.2, Sarah Haskins, as the surviving spouse of Michael Anthony Haskins, is the legal successor of Michael Anthony Haskins and has standing to bring this wrongful death and survival action.

Fee $350
✓ Process
X Dktd
CtRmDep
Doc. No

2.

Plaintiff, the Succession of Michael Anthony Haskins, is a juridical person existing under the laws of the State of North Carolina.

3.

Named Defendant is Offshore Service Vessels, LLC, a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Galliano, Louisiana.

4.

Named Defendant is Edison Chouest Offshore, Inc., a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Galliano, Louisiana.

5.

This Court has jurisdiction under 28 U.S.C. § 1331(1), and this claim is brought under 46 U.S.C. § 971 (the General Maritime Laws of the United States), 28 U.S.C. § 688 (the "Jones Act"), and 33 U.S.C. § 905(b) (the Longshore and Harbor Workers Compensation Act).

6.

At all material times herein, Michael Anthony Haskins was employed by Defendants, Offshore Service Vessels, LLC and/or Edison Chouest Offshore, Inc. (hereinafter collectively "Edison Chouest"), as a chief engineer and assigned to work on board the M/V C-RETRIEVER and/or M/V C-EMPRESS. The M/V C-RETRIEVER and MV/C-EMPRESS are supply vessels that are owned, operated, and controlled by Edison Chouest.

7.

In approximately late 2006, Mr. Haskins was on board the M/V C-RETRIEVER and/or M/V C-EMPRESS in or near the waters off the coast of Africa when he was caused to contract malaria.

8.

Upon his return to the United States, Mr. Haskins first became symptomatic for malaria and presented for emergent care. Mr. Haskins, however, died on December 13, 2006.

9.

A proximate cause of the incident and injuries alleged herein was the negligence and fault of Defendants through their agents, servants, employees, and the vessels, as follows:

a) Failing to provide proper and/or adequate immunizations and medication for its employees and crew members;
b) Failing to store and/or maintain proper or sufficient medication on board the vessels;
c) Failing to properly train and/or supervise its employees;
d) Failing to warn Mr. Haskins of the inadequate medication provided him;
e) Failing to provide adequate and safe gear, equipment, and appurtenances on the vessel;
f) Failing to provide an adequate and competent crew;
g) Failing to comply with applicable rules and regulations promulgated by OSHA, the United States Coast Guard, and/or other governmental and/or quasi-governmental agencies;
h) Failing to do what it should have done to have prevented the incident;
i) Failing to provide a seaworthy vessel;
j) Failing to provide Mr. Haskins with a safe place to work;
k) Failing to provide Mr. Haskins with reasonable working conditions; and
l) All other acts of negligence and fault that will be proven at trial.

10.

As a result of said negligence, Plaintiffs bring an action for wrongful death, survival, general, and special damages under Louisiana Civil Code articles 2315, 2315.1 and 2315.2 arising out of the survival and wrongful death of Michael Anthony Haskins, including but not limited: (a) funeral expenses; (b) medical expenses; (c) loss of wages and/or loss of earning capacity, past, present and

future; (d) physical and mental pain and suffering, past, present and future; and (e) loss of consortium.

WHEREFORE, Plaintiffs, Sarah Haskins and the Succession of Michael Anthony Haskins, respectfully pray that their Complaint be deemed good and sufficient, and that Defendants, Offshore Supply Vessels, LLC, and Edison Chouest Offshore, Inc., be duly served and cited with a copy of this Complaint, and that they be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be Judgment entered in favor of Plaintiffs, Sarah Haskins and the Succession of Michael Anthony Haskins, and against the Defendants, jointly, severally, and *in solido*, in an amount that is reasonable under the premises, and together with all costs of these proceedings, for legal interest from the date of judicial demand until paid, and for all general and equitable relief.

Respectfully submitted:

JOSEPH S. PIACUN (25211)
THOMAS A. GENNUSA, II, T.A. (6010)
REID S. UZEE (31345)
Gennusa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006-6564
Telephone: (504) 455-0442
Facsimile: (504) 455-7565
**Attorneys for Plaintiffs,**
**Sarah Haskins &**
**The Succession of Michael Anthony Haskins**